DUFRESNE, Chief Judge.
This is an appeal by Manuel Canto, claimant, from a judgment denying him workman’s compensation benefits on grounds that he failed to show that he suffered a work related injury. Because we find no manifest error in the decision of the workman’s compensation judge, we affirm that decision.
The record discloses the following facts. Canto was employed by Frank’s Superva-lue grocery as a frozen food and produce stock clerk. He stated that while handling *203 boxes of produce on April 20, 2002, he felt a pain in his right shoulder. He did not think much of the injury at the time and so did not report it then, but during the next several weeks he claims that the pain grew more severe. He consulted Dr. Cusco on June 12 and again on June 17 for shoulder pain, but still did not report the injury to his employer. The office notes from this doctor show that he treated claimant for a shoulder problem, but no mention is made of a work related incident. Finally on July 12, 2002, he reported the alleged incident to Joseph Lopinto, his supervisor, who had him fill out an accident report. On that report claimant gave the date of the alleged incident as April 20, 2003. He did not return to work after that July report.
Several months later Canto underwent surgery for a rotator cuff problem. The surgery was an apparent success, and Canto testified that he was almost back to normal at the time of the hearing in this matter.
He sought compensation benefits, but the employer denied that there was a com-pensable injury. Claimant then filed a Disputed Claim for Compensation form on which he again listed April 20, 2003, as the date of the incident. A hearing was held and the claim was denied on grounds that claimant had failed to show that he had suffered a work related injury. Claimant now appeals.
In claims for workman’s compensation the claimant bears the burden of proving by a preponderance of the evidence that he suffered a compensable injury in the course and scope of his employment. Starkman v. Munholland United Methodist Church, 97-661 (La.App. 5th Cir.1/14/98), 707 So.2d 1277. Also, the appellate standard of review of factual determinations made by workman compensation judges is that of manifest error. Id. Finally, when the only evidence of a work related injury is claimant’s testimony, that testimony is sufficient to carry his burden of proof if it is uncontroverted by any other evidence which casts serious doubt on that testimony and is corroborated by circumstances following the accident. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
In the present case, the only evidence of a work related accident was claimant’s testimony that he felt pain in his shoulder while handling a case of produce. Thus, for this testimony to have been sufficient for him to prevail there must have been a lack of contrary evidence as well as corroboration by subsequent events. As for countervailing evidence, Joseph Lopinto, his supervisor, testified that claimant did not in fact work on April 20, 2002, and he produced ^claimant’s time card which verified this. The employer also produced medical records showing that claimant had been treated for neck and back pains resulting from another workman’s compensation claim made in 1998. Other medical reports and claimant’s employee file showed that on May 14, 2001, he called in sick complaining of an inability to lift his right arm. No claim was made that that condition was work related. He did not report the alleged accident at issue here to the employer for almost three months. Finally, the medical notes from Dr. Cusco relating to treatment in June of 2002, do not mention any work related incident.
| Considering all of the above evidence, we can not say that the trier of fact’s finding that claimant did not prove that a compensable accident occurred in the course and scope of his employment was manifestly erroneous. It was clearly based on a permissible view of the evidence presented. We therefore must affirm those findings.
*204 For the foregoing reasons the judgment of the Office of Workers’ Compensation Administration is hereby affirmed.

AFFIRMED.